# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

STEPHEN D. HUGHES, )
)
      **Plaintiff,** )
)
v. ) Case No. 18-CV-225-GKF-FHM
)
FLINTCO, LLC., )
)
      **Defendant.** )

## OPINION AND ORDER

Plaintiff's Motion to Quash Subpoena, [Dkt. 27], is before the undersigned United States Magistrate Judge for decision. In this case, Plaintiff seeks damages from Defendant, claiming he was discriminated against during his employment. Defendant denies it discriminated against Plaintiff and additionally defends on the grounds that Plaintiff has not reasonably and in good faith mitigated his damages. To attempt to prove Plaintiff's failure to mitigate his damages, Defendant subpoenaed the following documents from Plaintiff's subsequent employer:

> 1) Any and all payroll and personnel records for Stephen D. Hughes...related to his employment with your company and any successor entities and/or associations, including but not limited to: complete payroll file, employment benefits, personnel file, application, notes, memorandums, performance evaluations/reviews, write-ups, disciplinary records, personnel action reports and any exit interviews.
>
> 2) Any document or records regarding claims of discrimination and/or retaliation asserted by Mr. Hughes; workers' compensation claims filed by Mr. Hughes; labor claims filed by Mr. Hughes; unemployment claims filed by Mr. Hughes; and filing with the Equal Employment Opportunity Commission; Oklahoma Human Rights Commission and/or Oklahoma Attorney's [sic] General Office regarding claims of discrimination and/or retaliation by Mr. Hughes.

Plaintiff now moves to quash or modify the subpoena arguing that many of the documents are not relevant to the claims or defenses in the case. Defendant responds that the subpoena is narrowly targeted to documents relevant to Plaintiff's failure to mitigate his damages. The court does not agree.

Initially, the court would observe that it is difficult to characterize a subpoena as narrowly targeted when it requests "Any and all payroll and personnel records...related to his employment...including but not limited to..." Moreover, many of the items requested, such as claims of discrimination, have no apparent connection to Plaintiff's efforts to mitigate his damages and Defendant offers no explanation for the requests in its response to the Motion to Quash.

Plaintiff's Motion to Quash Subpoena, [Dkt. 27], is GRANTED in part. The subpoena is modified to require only the production of documents relating to Plaintiff's compensation, including wages and benefits, and all records relating to why Plaintiff's employment was not continued. These documents will allow Defendant to fully discover information relevant to Plaintiff's mitigation of damages while avoiding the production of irrelevant information.

SO ORDERED this 27th day of November, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE